IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN HUGHES,

      Plaintiff,

v.

RESIDENTIAL MORTGAGE CAPITAL, *et al.*,

      Defendants.

No. C 09-4511 SI

**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**

Defendant's motion to dismiss the first amended complaint and plaintiff's motion for remand are scheduled for a hearing on January 15, 2010. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. The January 15, 2010 case management conference is also VACATED. For the reasons set forth below, the Court DENIES plaintiff's motion for remand and GRANTS defendant's motion to dismiss, with leave to amend.

**BACKGROUND**

On August 13, 2009, plaintiff Kevin Hughes filed a first amended complaint in the Superior Court of the State of California, County of Napa.[1] The complaint names Residential Mortgage Capital, Indymac Federal Bank, Quality Loan Service Corporation, and Does 1-100 as defendants, and alleges twenty-one causes of action, including claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, the Real Estate and Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and

---

[1] The Notice of Removal does not state the date when the original complaint was filed.

1 the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. On
2 September 24, 2009, defendant Residential Mortgage Capital ("RMC") removed the case to this Court
3 on the basis of federal question jurisdiction. On October 22, 2009, RMC filed a notice stating that
4 defendant Quality Loan Service Corporation ("Quality") consented to the removal.

5        The first amended complaint alleges that on April 20, 2007, plaintiff executed a mortgage for
6 $720,000 with defendant RMC in order to fund the purchase of the property at 552 Granite Springs
7 Way, American Canyon, California 94503. FAC ¶ 11. The loan was secured by a deed of trust that
8 named Mortgage Electronic Registration Systems, Inc. as beneficiary, and Fidelity National Title as
9 trustee. *Id*. ¶ 12.[2] The terms of the loan provided for a fixed interest rate of 6.5%, and monthly
10 payments of $3,900 for the first 120 months and payments of $5,368.13 thereafter, with a final payment
11 of $5,366.38 *Id*. ¶¶ 14-15. The complaint alleges that the true annual percentage rate under the loan
12 is 7.8663%. *Id*. ¶ 15. The complaint alleges that the Truth-in-Lending Disclosure Statement states that
13 the annual percentage rate is 6.536%, that the amount financed is $715,605.63, and that the total finance
14 charge is $1,040,743.82; *see also* Jordan Decl. Ex. C (TILA Disclosure Statement). The complaint
15 alleges that "Plaintiff would not have taken the loan but for the representations of Defendant Lender."
16 FAC ¶ 15.

17        On March 9, 2009, defendant Quality recorded a Notice of Default and Election to Sell stating
18 that plaintiff was in default of the mortgage loan. *Id*. ¶ 19. The complaint alleges that the Notice of
19 Default names defendant Indymac Federal Bank, FSB as the beneficiary of the deed of trust, although
20 there was no recorded transfer of beneficial interest as of March 9, 2009. *Id*. The complaint alleges that
21 on April 21, 2009, Quality recorded a Substitution of Trustee substituting Indymac as trustee under the
22 deed of trust, and on that same date Indymac recorded an Assignment of the Deed of Trust stating that
23 Mortgage Electronic Registration Systems, Inc. as "nominee" for RMC assigned all beneficial interest
24 to Indymac. *Id*. ¶¶ 20-21. The complaint alleges that the Substitution and Assignment are invalid. On
25 June 19, 2009, plaintiff mailed a rescission letter pursuant to TILA. *Id*. ¶ 16. The complaint alleges that

26
27     [2] Neither the caption of the complaint nor the "Parties" section of the complaint lists MERS and Fidelity National Title as defendants. However, the body of the complaint refers to these entities as
28 defendants. Thus, it is unclear whether these entities are in fact defendants in this case.

as a result of the rescission letter, both the mortgage loan and the deed of trust were extinguished. *Id*. ¶ 17.

The complaint alleges that "Defendants conducted or imminently intend to conduct a Trustee's Sale on the Subject Property ostensibly to collect the unpaid balance on the note secured by the Deed of Trust." *Id*. ¶ 26. It is unclear from the record whether a Trustee's sale has in fact occurred. The complaint alleges claims under TILA, RESPA, RICO, the California Consumer Legal Remedies Act, the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1572, and claims for accounting, fraud, constructive fraud, breach of contract, reformation, untrue or misleading advertisement and unfair competition, unfair competition, declaratory relief, slander of title, intentional infliction of emotional distress, negligent infliction of emotional distress, rescission, injunctive relief, and specific performance.

RMC has moved to dismiss the complaint, and plaintiff has moved to remand this case to state court. Quality filed a Declaration of Nonmonetary Status pursuant to California Civil Code § 2924l, stating that it believes it has been named in this case solely in its capacity as trustee under the deed of trust, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee at any time. Plaintiff has not filed any response to Quality's declaration. It is unclear whether any of the other named defendants have been served.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead*

*Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.    Plaintiff's motion to remand**

Plaintiff moves to remand this case to state court. Plaintiff's motion is devoted to inapposite case law involving cases in which the plaintiffs alleged solely state law claims and the defendants removed on the basis that the state law claims presented a substantial federal question. *See, e.g.*, *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) ("[I]n certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues. The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues . . . .") (internal citation omitted). Unlike the cases relied on by plaintiff, here the complaint directly alleges claims under three federal statutes: TILA, RESPA and RICO. Accordingly, there is federal question jurisdiction, and removal was proper on that ground.

Plaintiff also contends that the removal was procedurally defective. Plaintiff notes that although the notice of removal states that the other served defendants have consented to removal, and that a notice of consent to removal executed by Quality Loan Servicing Corporation "is being filed with this Court,"

4

no such consent was filed along with the notice of removal. In response to plaintiff's motion, RMC filed a notice of consent to removal executed by Quality (Docket No. 11). RMC's opposition to plaintiff's motion for remand states that the failure to file the notice of consent was RMC's error, and that Quality had consented to the removal at the time of the removal. In addition, RMC asserts, and plaintiff does not dispute, that no other defendant has been served in this case. The Court finds that RMC's failure to file Quality's notice of consent at the time of removal is not a basis for remand, and in any event, the procedural defect has been cured.

Finally, plaintiff contends that if this Court is inclined to retain jurisdiction over the federal claims, the Court should sever and remand the state claims. 28 U.S.C. § 1367 governs the exercise of supplemental jurisdiction over state law claims in a suit involving federal claims. In general, when district courts have original jurisdiction over one or more claims in civil actions, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The Ninth Circuit has explained that non-federal claims are "part of the same 'case' as federal claims when they derive from a common nucleus of operative facts and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) (internal quotation marks omitted). A court may decline to exercise supplemental jurisdiction over a claim that meets the "same case or controversy" test if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Unless a court "properly invokes a section 1367(c) category in exercising its discretion to decline to entertain pendent claims, supplemental jurisdiction must be asserted." *Executive Software v. U.S. Dist. Court*, 24 F.3d 1545, 1556 (9th Cir. 1994).

Here, the state law claims are part of the same case or controversy as the federal claims because all of plaintiffs' claims arise out of the mortgage loan and foreclosure of plaintiff's property. Plaintiff has not shown that any 1367(c) category applies to this case, and thus the Court will retain jurisdiction

5

over the entire action.[3] Accordingly, the Court DENIES plaintiff's motion for remand. Docket No. 9.

**II.     RMC's motion to dismiss**

   **A.     TILA**

Plaintiff's eighth cause of action alleges that RMC violated TILA by failing to disclose the material terms of the loan prior to consummation of the loan, and assigning the loan in April 2009. Although the TILA portion of the complaint does not specify the material terms that were allegedly not disclosed, an earlier section of the complaint alleges that the TILA disclosure incorrectly stated that the APR was 6.536%, while the true APR is 7.8663%. FAC ¶¶ 14-15. Plaintiff's TILA claim seeks monetary damages. *Id.* ¶¶ 130-31.

RMC moves to dismiss the TILA claim on several grounds. RMC contends that the claim for is untimely because TILA claims for damages must be brought within one year of the violation. *See* 15 U.S.C. § 1640(e) (TILA); *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (failure to make disclosures required by TILA occurs on day loan documents signed). Here, plaintiff signed the loan documents on April 20, 2007, and thus this claim is untimely. The Ninth Circuit has held, however, that equitable tolling of civil damages claims brought under TILA may be appropriate "in certain circumstances" such as when a borrower might not have had a reasonable opportunity to discover the nondisclosures within the one-year period. *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986). Plaintiff contends that the statute of limitations should be equitably tolled because his broker deceived him, and he only learned of the TILA violations when he hired an attorney in June 2009 to investigate why his payments had become so high. Opposition at 4:16-5:25.

There are several problems with plaintiff's equitable tolling argument. First, although plaintiff asserts that the complaint contains allegations to support equitable tolling, plaintiff does not cite these allegations and the Court will not scour the 208 paragraph complaint to locate these allegations. Second, because plaintiff's payments under the loan were set to remain at $3,900 for the first ten years

---

[3] If plaintiff is not able to cure the defects in the federal claims, or elects not to amend those claims, the Court would be inclined to decline supplemental jurisdiction over the state claims and remand the action to state court.

6

of the loan, it is unclear what plaintiff is referring to when he states that his payments "had become so high." Opposition at 4:18. Third, even if plaintiff's broker deceived him, those facts alone would not necessarily justify equitably tolling the statute of limitations on a claim against RMC.

There are also substantive problems with the TILA claim as pled. With regard to the alleged nondisclosure, RMC correctly notes that the complaint does not identify which material terms were allegedly not disclosed. RMC also argues that if the alleged nondisclosure concerns the "true" interest rate, plaintiff cannot state a claim because the mortgage loan documents attached to the complaint show that the APR was, in fact, 6.5%. RMC notes that under the terms of the loan, the payments for the first 10 years ($3,900 per month) were interest-only, and calculated at $720,000 x 6.5% divided by 12 months. For the remaining 20 years of the loan, the payments increase because the payments include both principal and interest. *See* "Payments" section of "InterestFirst Note" attached to FAC. With regard to the allegedly illegal assignment, RMC argues that TILA does not prohibit the assignment of a note.

Plaintiff's opposition does not address these arguments. Instead, plaintiff simply asserts – for each of the twenty-one claims alleged in the complaint – that he has stated a claim, and that if he has not, he should be granted leave to amend. In light of the policy favoring amendment, the Court will GRANT plaintiff leave to amend the TILA claim. If plaintiff chooses to amend this claim, he must (1) allege specific facts showing why the statute of limitations should be equitably tolled; (2) identify the specific material provisions that were allegedly not disclosed; and (3) provide authority for the contention that the assignment violates TILA.

**B.     RESPA**

Plaintiff's fourth cause of action alleges that "all defendants" violated RESPA by "fail[ing] to respond to Plaintiff's communications under RESPA, as more particularly alleged in paragraph 42." FAC ¶ 95. Paragraphs 41 and 42 of the FAC, in turn, allege that in July 2009, plaintiff sent the following to defendants Indymac and Quality: a "Notice of Dispute and Request for Accounting, demands under California Civil Code §§ 1780 and 2923.6, a Notice Pursuant to Real Estate Settlement Procedures Act [] and a Qualified Written Request," and that defendants failed to respond to those

7

notices, as well as to other communications by plaintiff. *Id*. ¶¶ 41-42. The complaint alleges that the failure to respond to these communications violates Section 2607(b) of RESPA. The complaint also alleges that plaintiff's "claims regarding fees and penalties are not time-barred, as the purpose of such fees was not explained to Plaintiff at the time of the closing and signing of the subject loan." *Id*. ¶ 96. The complaint does not elaborate on the factual or legal basis for the RESPA "claims regarding fees and penalties."

RMC moves to dismiss the RESPA claim because the complaint does not allege that plaintiff made any requests to RMC. As with the TILA claim, plaintiff does not respond to RMC's argument, and RMC is correct that the complaint does not contain any allegations that plaintiff sent notices pursuant to RESPA to RMC. In addition, claims under Section 2607 are governed by a one year statute of limitations. 12 U.S.C. § 2614. Thus, to the extent that plaintiff alleges a RESPA claim regarding fees, those allegedly illegal fees were imposed when plaintiff signed the loan documents on April 20, 2007. Accordingly, the Court GRANTS defendant's motion to dismiss this claim, and GRANTS plaintiff leave to amend. If plaintiff chooses to amend the RESPA claim, plaintiff must allege specific facts showing why a claim regarding fees and penalties should be equitably tolled. If plaintiff wishes to pursue a RESPA claim against RMC, plaintiff must allege facts showing why RMC is liable.

### C. RICO

Plaintiff's fourteenth cause of action alleges that "all defendants" committed civil violations of the Racketeer and Corrupt Practices Act ("RICO"), 18 U.S.C. §§ 1961, *et seq*. Under this claim, the complaint simply "re-alleges and re-states all previous paragraphs," and alleges "[i]n doing the aforesaid acts, Defendants and each of them participated in a scheme of racketeering as that terms [sic] is defined in [RICO]." FAC ¶¶ 163-64. RMC contends that plaintiff's allegations are conclusory and that the complaint does not allege any facts supporting a RICO claim.

A RICO claim requires a showing that "a pattern of racketeering activity" occurred. 18 U.S.C. § 1961; *see Rothman v. Vetter Park Management*, 912 F.2d 315, 316 (9th Cir. 1990). In order to establish the requisite activity, plaintiff "must allege either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate

8

offenses." *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir.1993). Plaintiff has failed to either allege a substantive violation of RICO, or to sufficiently enumerate the predicate acts upon which plaintiff's RICO claim is based. *See* 18 U.S.C. § 1961(5). When a plaintiff alleges fraudulent acts as the predicate offenses upon which a RICO claim is based, as appears to be the case here, Fed. R. Civ. P. 9(b) "requires that circumstances constituting fraud be stated with particularity." *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988). Plaintiff's complaint does not contain specific allegations of fraud, let alone specific allegations of a "pattern" of fraudulent conduct. Accordingly, plaintiff's claim for civil RICO violations is hereby DISMISSED with leave to amend.

### D.   State law claims

Plaintiff has also alleged eighteen state law causes of action. Because it is unclear whether plaintiff can state a federal claim, the Court will not address these supplemental state claims. However, the Court advises plaintiff that if he amends the federal claims, he should carefully review the arguments made in defendant's motion with respect to the state law claims.

## III.   Quality Service Loan Corporation

As noted above, on November 24, 2009, Quality filed a Declaration of Nonmonetary Status pursuant to California Civil Code § 2924l, stating that it believes it has been named in this case solely in its capacity as trustee under the deed of trust, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee at any time. Plaintiff has not filed a response to this declaration. If plaintiff amends the complaint and includes claims against Quality, the amended complaint should address the significance, if any, of Quality's declaration. If plaintiff so amends the complaint, Quality shall respond either by answer or motion.

///

9

**CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiff's motion for remand and GRANTS RMC's motion to dismiss. Docket Nos. 4 & 9. If plaintiff amends the complaint, the amended complaint must be filed no later than **January 15, 2010.**

**IT IS SO ORDERED.**

Dated: December 29, 2009

SUSAN ILLSTON
United States District Judge