IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HUGHES,<br><br>    Plaintiff,<br><br>  v.<br><br>RESIDENTIAL MORTGAGE CAPITAL, *et al.*,<br><br>    Defendants.<br>                                                 / | No. C 09-4511 SI<br><br>**ORDER DISMISSING TILA CLAIM WITHOUT LEAVE TO AMEND; REMANDING STATE CLAIMS TO SUPERIOR COURT FOR THE COUNTY OF NAPA** |

Defendant RMC's motion to dismiss the second amended complaint is scheduled for a hearing on March 26, 2010. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DISMISSES plaintiff's amended claim under the Truth In Lending Act without leave to amend, declines supplemental jurisdiction over the fourteen state law claims, and REMANDS the case to the Superior Court of the State of California, County of Napa.

**BACKGROUND**

On August 13, 2009, plaintiff Kevin Hughes filed a first amended complaint in the Superior Court of the State of California, County of Napa.[1] The complaint named Residential Mortgage Capital, Indymac Federal Bank, Quality Loan Service Corporation, and Does 1-100 as defendants, and alleged twenty-one causes of action, including claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, the Real Estate and Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and

---

[1] The Notice of Removal does not state the date when the original complaint was filed.

the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* On September 24, 2009, defendant Residential Mortgage Capital ("RMC") removed the case to this Court on the basis of federal question jurisdiction. On October 22, 2009, RMC filed a notice stating that defendant Quality Loan Service Corporation ("Quality") consented to the removal.

In an order filed December 29, 2009, the Court granted RMC's motion to dismiss the first amended complaint. With respect to plaintiff's TILA claim, which sought damages against RMC, the Court held that the claim appeared to be untimely, that plaintiff had not pled a basis for equitable tolling, and that there were numerous substantive problems with the claim. The Court also dismissed the RESPA and RICO claims for failure to state a claim, and did not address the state law claims because it was unclear whether plaintiff could state a federal claim. The Court granted plaintiff leave to amend all claims.

On January 19, 2010, plaintiff filed a second amended complaint. The only federal claim alleged in the second amended complaint is a claim for rescission under TILA against "Doe noteholders." SAC ¶¶ 123-28. All of the remaining state law claims are alleged against the various named defendants. The second amended complaint also alleges that a foreclosure sale took place on January 15, 2010. *Id*. ¶ 4. RMC has moved to dismiss the second amended complaint. It is unclear from the docket whether the other defendants have been served with the second amended complaint.

**DISCUSSION**

The Court *sua sponte* analyzes whether plaintiff has stated a claim under TILA because this claim is the only basis for federal jurisdiction, and no defendant can move to dismiss this claim as it is alleged only against Doe defendants.

Plaintiff alleges that when he refinanced his home he was not provided with the disclosures and notice of rescission mandated by TILA, and he seeks the remedy of rescission. However, plaintiff's right to rescind under TILA terminated upon the January 15, 2010 foreclosure sale of plaintiff's property. TILA implementing Regulation Z provides that "the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first." 12 C.F.R. § 226.23; *see Meyer v. Ameriquest Mortgage Co.*, 342 F.3d

2

United States District Court
For the Northern District of California

1  899, 902 (9th Cir. 2003) (holding "[o]nce the Meyers sold their home, took control of the loan proceeds
2  and paid off the loan, the TILA rescission provision no longer applied and only damages provision
3  remained as a cause of action"); *see also id.* at 903 (stating "[t]he regulation is clear: the right to rescind
4  ends with the sale").

5  Numerous courts have held that an involuntary foreclosure sale, like any other sale, terminates
6  TILA's right of rescission. *See, e.g.*, *Hallas v. Ameriquest Mortg. Co.*, 406 F. Supp. 2d 1176, 1183 (D.
7  Or. 2005); *Worthy v. World Wide Fin. Servs., Inc.*, 347 F. Supp. 2d 502, 506 (E.D. Mich. 2004) ("A sale
8  or transfer of the property need not be voluntary to terminate the right to rescind. For example, a
9  foreclosure sale would terminate an unexpired right to rescind.") (quoting 12 C.F.R. § 226.23(a)(3));
10 *Ford v. Wells Fargo Home Mortg.*, No. 08-4276 SC, 2008 WL 5070687, at *3 (N.D. Cal. Dec. 1, 2008)
11 (dismissing claim and noting, *inter alia*, that "the Official Staff Commentary to Regulation Z, which was
12 promulgated by the Board of Governors of the Federal Reserve System to implement TILA, also states
13 that a 'sale or transfer of the property need not be voluntary to terminate the right to rescind the
14 transaction' Official Staff Commentary to Reg. Z, 12 C.F.R. § 226.23(a)(3)"); *Metcalf v. Drexel*
15 *Lending Group*, No. 08-CV-0731, 2008 WL 2682851, at *2 (S.D. Cal. July 3, 2008).

16 Accordingly, the Court DISMISSES the TILA rescission claim without leave to amend. Plaintiff
17 has now had several opportunities to amend the TILA claim, and the Court concludes that any further
18 leave to amend is futile. With the dismissal of the TILA claim, there is no longer any basis for federal
19 jurisdiction. The Court declines to exercise supplemental jurisdiction over the remaining state law
20 claims, and REMANDS these claims to state court. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

23 For the foregoing reasons, the Court DISMISSES the TILA claim without leave to amend and
24 REMANDS the state law claims to Superior Court for the County of Napa. All pending motions are
25 DENIED as moot.

26 **IT IS SO ORDERED.**

27 Dated: March 17, 2010

SUSAN ILLSTON
United States District Judge

3